# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Stacey L. Carna

    Plaintiff,

v.

Teays Valley Local School District, et al.

    Defendants.

Case No. 2:12-cv-74

Judge Graham

Magistrate Judge King

## OPINION AND ORDER

This matter is before the court on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), filed by defendants Teays Valley Local School District, Jeff Sheets, Robert Thompson, Terry Braskett, Kristin Eckel, and Shannon Bumgarner. Plaintiff Stacey Carna (Carna), brings this action against the Teays Valley Local School District and five school district officials and employees. Carna, a former elementary school principal in the school district, claims that "[t]he defendants destroyed [her] reputation and career as a school administrator by falsely implicating her in tampering with Ohio Achievement Tests at Asheville Elementary School and publicizing these false and defamatory allegations." (Complaint, Doc. 1 ¶ 1.) Carna's complaint asserts four claims: defamation, false light invasion of privacy, tortious interference with contractual and business relations, and civil conspiracy. Id. at 12-13. The motion considered here seeks dismissal only of the civil conspiracy claim. (Motion for Partial Judgment on the Pleadings, Doc. 22 at 1.)

## I.  Factual Background

Carna was hired by the Teays Valley Local School District to serve as the principal of Asheville Elementary School for the 2006-2007 and 2007-2008 school years. (Doc. 1 ¶ 12.) As

1

principal, Carna came into conflict with some school employees including Terry Braskett, the school's secretary, Kristin Eckel, an educational aide, and teacher Shannon Bumgarner. Id. ¶¶ 8-10, 14. Bumgarner refused to have her class participate in school safety drills and Carna confronted all three regarding "frequent, inappropriate gossiping." Id. ¶ 14. According to Carna, these conflicts motivated the conspiracy that she asserts lead to her removal as principal.

This conflict came to a head in the spring of 2007 when the elementary school administered standardized achievement tests to third, fourth, and fifth graders. Id. ¶ 16. According to Carna, the defendants used the test administration as an opportunity to falsely accuse her of tampering with the tests, and ultimately to remove her from her position as principal. Id. ¶ 17. Carna alleges that though Eckel and Braskett had no formal role in administering the tests, they collected and stored the test books at the end of each day of testing. Id. ¶ 21. Then, allegedly in violation of state testing procedures, Eckel and Braskett blocked off a portion of school hallway in order to alter student tests unobserved. Id. ¶ 22. They claimed that they were erasing stray marks, but Carna claims they were creating erasure marks to give the impression that the tests had been altered–Carna was later removed on suspicion that *she* had made such alterations. Id. Carna asserts that her removal was Eckel and Braskett's goal in secretly altering the tests. Id.

Bumgarner became involved when she reported to the superintendent of the school district, defendant Jeff Sheets, that she suspected Carna of altering student test results. Id. ¶ 23. She told Sheets that she had identified erasure marks on student tests, but had seen no students use erasers while working on their tests. Id.

Eckel, Braskett, and Bumgarner implicated Carna in altering tests by engaging in their own detective work. They asserted that at the end of the second day of standardized testing, they had

carefully taken note of the positions in which they left the test booklets, and when they arrived the following morning, the tests were no longer in the precise positions in which Eckel, Braskett, and Bumgarner had left them. Id. ¶ 24. Braskett and Eckel reported this oddity to defendant Robert Thompson, assistant superintendent. Id. ¶ 25.

Following an investigation in which Carna alleges Thompson refused to examine exculpatory evidence or to interview Carna or other important witnesses, Thompson removed Carna from her position, putting her on administrative leave. Id. ¶¶ 27-30. Plaintiff's contract was nonrenewed in March 2008, ending her employment with the school district. Id. ¶ 30.

## II. Legal Standard

A motion for judgment on the pleadings pursuant to Rule 12(c) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998) ("The standard of review applicable to motions for 'judgment on the pleadings' under Fed. R. Civ. Pro. 12(c) is the same *de novo* standard applicable to motions to dismiss under Rule 12(b)(6)."). All well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A motion for judgment on the pleadings is directed solely to the complaint and any exhibits attached to it. Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion for judgment on the pleadings. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(c) if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on

3

the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

When the complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis**

"A civil conspiracy is a 'malicious combination of two or more persons to injure another person or property, in a way not competent for one alone.'" Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd., 476 F.Supp.2d 809, 827 (S.D. Ohio 2007) (quoting Kenty v. Transamerica Premium Ins. Co., 72 Ohio St.3d 415, 419, 640 N.E.2d 863 (1995)). "Thus, to

4

establish a claim of civil conspiracy, plaintiff must allege: (1) a malicious combination; (2) of two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." Id.

The "malicious combination" element does not require express agreement between conspirators, "but only a common understanding or design, even if tacit, to commit an unlawful act." Gosden v. Louis, 687 N.E.2d 481, 496 (Ohio App. 1996). Two or more individuals acting together in a manner that naturally leads to an unlawful goal may provide sufficient evidence of the common design necessary to prove a conspiracy. Id. But see Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003) ("The [plaintiffs] have submitted no evidence, circumstantial or otherwise, suggesting that the defendants had a single plan when they made the allegedly false statements."). In reaching this common design, the conspirators must act "purposely, without a reasonable or lawful excuse, to the injury of another." Gosden, 687 N.E.2d at 496 (quoting Pickle v. Swinehart, 166 N.E.2d 227, 229 (Ohio 1960)).

Defendants advance two arguments that plaintiff's civil conspiracy claim should be dismissed on the pleadings, both rest on the intracorporate conspiracy doctrine. This doctrine, based on the requirement that two or more persons be involved in a conspiracy, establishes that "members of the same legal entity cannot conspire with one another as long as their alleged acts were within the scope of their employment." Jackson v. City of Columbus, 194 F.3d 737, 753 (6th Cir. 1999) (citing Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837, 840 (6th Cir. 1994)). Defendants first argue that because plaintiff has admitted that defendants Sheets and Thompson did not act outside the scope of their employment, the civil conspiracy charge must be dismissed with regard to those two defendants. (Doc. 22 at 5-6.) Second, defendants argue that plaintiff does not allege any facts to

support the conclusion that any defendants acted outside of the scope of their employment, and thus intracorporate immunity precludes any conspiracy between defendants as employees of the school district.

Defendants' first argument fails because though defendants Sheets and Thompson acted within the scope of their employment, it would still be possible for them to enter into a conspiracy with another defendant employee acting outside the scope of their employment.[1] Defendants assert the opposite, that "Sheets and Thompson necessarily and as a matter of law could not conspire with the other named Defendants, all of whom are School District employees, regardless of the allegations against said other Defendants. Ghaster, Hull, and Bays, all *supra*."[2] In other words, defendant asserts that the intracorporate conspiracy doctrine prevents the finding of a conspiracy between employees acting within the scope of their employment and other employees acting outside of the scope of their employment. None of the cited cases support that proposition;[3] a fourth case, relied on by defendants to support their other argument, holds exactly the opposite. In Johnson v. Hills &

---

[1] Defendants are correct that there may be no conspiracy consisting of *only* Sheets and Thompson, because both are members of the same collective entity, the school district, and the plaintiff has not alleged that either acted outside the scope of their employment.

[2] Counsel is reminded that pinpoint citations to an appropriate reporter are often helpful to the Court.

[3] The document cited by defendants as "Ghaster" is a magistrate judge's report and recommendation in a case arising from the allegedly improper arrest and prosecution of the plaintiff. Ghaster v. City of Rocky River, No. 1:09-cv-2080, 2010 U.S. Dist. LEXIS 71020 (N.D. Ohio May 12, 2010) (magistrate judge's report and recommendation). In considering the intracorporate conspiracy doctrine, the magistrate judge did not mention the exception for actions outside the scope of employment. Id. at *11-12. She ultimately recommended that the conspiracy claim lacked merit on unrelated grounds. Id. Not only does this report and recommendation not support the assertion for which defendants have cited it, but the district court explicitly declined to adopt the magistrate judge's analysis and recommendation regarding the civil conspiracy claim. See Ghaster v. City of Rocky River, No. 1:09-cv-2080, 2010 U.S. Dist. LEXIS 71018 (N.D. Ohio July 13, 2010) ("The Magistrate Judge separately addressed each of the five state law claims . . . . This Court declines to rule on these counts and dismisses them without prejudice . . . ."). Nor do Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Educ., 926 F.2d 505, 509-10 (6th Cir. 1991), or Bays v. Canty, 330 Fed. Appx. 594 (6th Cir. 2009) directly address or support the proposition for which defendants have cited them.

Dales Gen. Hosp., 40 F.3d 837, 838-839 (6th Cir. 1994), a panel of the Sixth Circuit considered the plaintiff's claim that employees at the hospital at which she worked as a physician had conspired to violate her civil rights in violation of 42 U.S.C. § 1985. In concluding that none of the alleged conspirators had exceeded the scope of their employment, the court stated that "[a]fter a careful review of the authorities, we hold that when employees act outside the course of their employment, they and the corporation may form a conspiracy under 42 U.S.C. § 1985(3)." Id. At 841. The court reasoned that if an employee acts outside of the scope of their employment, the employee becomes a person separate from the collective entity for purposes of a conspiracy. Id. At 840. That logic applies equally here. If any of the other defendants, Braskett, Eckel, or Bumgarner, exceeded the scope of their employment, it would have been possible for them to conspire with each other, or with Sheets, Thompson, or the school district.

This leads directly to defendants' second argument, that plaintiff does not allege any facts to support the conclusion that any defendants acted outside of the scope of their employment, and thus intracorporate immunity precludes any conspiracy between defendants as employees of the school district. Defendants identify a number of allegations that it argues fail to demonstrate that Braskett, Bumgarner, or Eckel acted outside of the scope of their employment. (Doc. 22 at 7.) These arguments are unpersuasive because they fail to address plaintiff's allegations that most clearly state facts on which a finding that some defendants exceeded the scope of their employment could rest. Plaintiff alleges that Braskett and Eckel attempted to block access and view to a school hallway so that they could make alterations to student tests, and that this action was both beyond their duties as school secretary and an educational aide, and in violation of Ohio Department of Education Rules. (Doc. 1 ¶ 22.) This allegation could support a conclusion that Braskett and Eckel were not engaged

in any legitimate activity on behalf of the school district, and thus acted outside of the scope of their employment. Plaintiff has alleged that *some* of the defendants acted outside the scope of their employment. Because a single employee acting outside of that scope may conspire with any of the other employees whether they acted as agents of the school district or not, the conspiracy claim is not dismissed against any defendants.

**IV. Sufficiency of Factual Allegations of Malicious Combination**

Defendants have presented two arguments in support of their motion, both based on intracorporate immunity. Though neither argument has merit, the court is not convinced that plaintiff has alleged facts to support a finding that defendants had "a common understanding or design, even if tacit, to commit an unlawful act." Gosden, 687 N.E.2d at 496. The court is considering dismissing the civil conspiracy claim against defendants Teays Valley Local School District, Sheets, Thompson, and Bumgarner for failure to state a claim on which relief may be granted. See Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983).

**IV.    Conclusion**

For the foregoing reasons, defendants' motion for judgment on the pleadings (Doc. 22) is DENIED. The parties are further ORDERED to file supplemental briefs on the issue of whether plaintiff has alleged facts sufficient to support her claim of civil conspiracy. Each party shall file briefs on or before August 9, 2012 and both shall file their reply briefs on or before August 24, 2012.

IT IS SO ORDERED.

S/ James L Graham
James L. Graham
UNITED STATES DISTRICT JUDGE

Date: July 10, 2012